## OTTEN v. LEFFLER.

*Appeal from Des Moines District Court — Wednesday, October 12.*

SUFFICIENCY OF EVIDENCE TO SHOW THE EXISTENCE OF A DEED.

THE facts were stated and the opinion of the court announced by —

LOWE, J. — An equitable proceeding to perfect and quiet the title of lot 270, as numbered upon the plats of the city of Burlington, in the plaintiffs. The case made by the petition is, that the plaintiff, Elizabeth Otten, through her former husband, Henson B. Marlow, now deceased, in the year 1845, or thereabouts, purchased said property of the defendant for a valuable consideration, which was paid, and received a deed therefor, and which, through some inadvertence, was not recorded, but is now wholly lost or mislaid so that it cannot be found. The petition further states that, during the same year of the purchase, the

plaintiff, Elizabeth Otten, and her then husband, put up a small brick tenement on said lot, which they have since occupied as a dwelling, without objection from any quarter, paying taxes, &c. That in 1846, the year following, the said Henson B. Marlow died, and all his papers went into the hands of his administrator, Edward Marlow, who has also long since departed this life, but who frequently, while in life, as it is alleged, admitted to said Elizabeth that he had said deed in his possession for her.

The answer of the defendant, which is not sworn to, contains a denial of all these statements, and the case is one of fact, turning alone upon the testimony. The defendant herself does not testify, and her two witnesses, Isaac and Jacob Leffler, relatives of her, simply say, in substance, that they had not known or heard of any such sale and purchase, and, in this negative condition of the evidence for the defense, it becomes only an inquiry whether the testimony of the plaintiffs *prima facie* sustains the allegations of the petition.

The plaintiff, Elizabeth Otten, testifies that she is the owner of the lot by purchase; that in the year 1845 she had near one hundred dollars in silver, which she gave to her husband to buy said lot with; that he did effect the purchase of the defendant; that she afterward saw the deed (without reading it) in her husband's hands, which he put into his pocket-book with other papers; that she heard her husband, on his death-bed, say to his father, Edward Marlow, that the said deed was in his pocket-book, that he wanted him to take care of it, and have the same recorded; that the said Edward Marlow did administer upon the estate, took possession of the papers in said pocket-book, and that he had often told her that he had the deed in his possession for her. It was shown by a justice of the peace that the defendant did, about the time of said purchase and sale, acknowledge a deed to the plaintiffs; that the same was afterward seen and read by the witness, Reed, who had advised Marlow to make the purchase, that he might be a neighbor of his; that the witness Otten made search among the papers of Edward Marlow, deceased (with whom said deed was last known to be), in order to find and obtain the same, but failed to do so; that the building of the house, and payment of taxes, and long possession without objection, were abundantly proven; other corroborative facts were shown, all which being uncontradicted under oath by the testimony of the defendant or other witnesses, we think, reasonably supports the plaintiff's bill, and will not allow us to disturb the judgment below, which is accordingly Affirmed.

*Crocker & Smythe* for the appellants — *Browning & Tracy* for the appellee.